IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION


| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 3:13cr71-MHT |
| DERELLE TREVON BRADSHAW | ) | (WO) |

OPINION AND ORDER

This cause is before the court on the parties' joint
motion to continue.  For the reasons set forth below, the
court finds that jury selection and trial, currently set
for August 5, 2013, at the federal courthouse in Opelika,
Alabama, should be continued pursuant to 18 U.S.C.
§ 3161(h)(7).

While the granting of a continuance is left to the
sound discretion of the trial judge, United States v.
Stitzer, 785 F.2d 1506, 1516 (11th Cir. 1986), the court
is limited by the requirements of the Speedy Trial Act,
18 U.S.C. § 3161.  The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

18 U.S.C. § 3161(c)(1).  The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."    § 3161(h)(7)(A).    In granting such a continuance, the court shall consider, among other factors, whether the failure to grant the continuance would "result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Bradshaw in a speedy trial. Counsel for both Bradshaw counsel and the government represent that there is critical video evidence in this case which is now with an FBI lab in Virginia undergoing analysis.  It is expected that analysis of this video, which purports to depict the criminal conduct at issue, will not be completed before the current trial date. Moreover, the defense seeks to introduce six hours of video and audio taped conversation between Bradshaw and a confidential informant as evidence in the trial, and the government has objected to the introduction of this evidence as cumulative.  In order to rule on the government's objection, the court needs to review the transcript of the video and audio, and the parties have informed the court that the transcription process will take at least one month.  The transcription cannot,

therefore, be completed before the date now set for trial.

Accordingly, the court finds a continuance necessary to ensure that "counsel for the defendant or the attorney for the Government" are not denied "the reasonable time necessary for effective preparation."  The court notes, too, that the government joins in the motion for a continuance, and finds that Bradshaw will not be prejudiced by a continuance in this case.

***

Accordingly, it is ORDERED as follows:

(1) The joint motion to continue trial (doc. no. 62) is granted.

(2) The jury selection and trial, now set for August 5, 2013, are continued to December 16, 2013, at 10:00 a.m. at the Federal Courthouse in Opelika, Alabama.

DONE, this the 29th day of July, 2013.

    /s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE